UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT ELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:07CV961 AGF |
| | ) |
| MICHAEL BOWERS, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Robert Ely (registration no. 139492), an inmate at Eastern Reception, Diagnostic and Correctional Center (ERDCC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $45.17. *See* 28 U.S.C. § 1915(b)(1). Additionally, after reviewing the complaint, the Court finds that it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). However, the Court will give plaintiff the opportunity to file an amended complaint in accordance with the terms of this Order.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $225.83, and an average monthly balance of $13.14. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $45.17, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging unsafe prison conditions. Named as defendant is Michael Bowers, the maintenance supervisor at ERDCC. Plaintiff seeks monetary relief.

Plaintiff alleges that he is partially paralyzed on the right side of his body as a result of a stroke. Plaintiff claims that on October 13, 2006, he was walking on the prison grounds to exercise the right side of his body, as instructed by the prison doctor. Plaintiff says that he came upon a broken and uneven section of sidewalk that caused him to fall and sustain serious injuries. Plaintiff maintains that defendant was aware of the dangerous condition of the sidewalk but that he was deliberately indifferent to the safety needs of the handicapped prisoners.

**Discussion**

Plaintiff's claim regarding the unsafe condition of the sidewalk states a claim under § 1983. However, the complaint is silent as to whether plaintiff intends to sue defendant in his individual or official capacity.

Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.1995). Because defendant is a state official, plaintiff's claims against him in his official capacity are barred by Eleventh Amendment immunity. *Id.* As a consequence, this case is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Rather than dismiss this case at this time, the Court will give plaintiff the opportunity to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces all previous complaints, and claims that are not realleged are deemed abandoned. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff shall have 30 days in which to file an amended complaint. If plaintiff fails to file an amended complaint within 30 days of the date of this Order, this case shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $45.17 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within 30 days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall have 30 days from the date of this Order to file an amended complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within 30 days, this case shall be dismissed without prejudice.

Dated this 31st Day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE