# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ROBERT ELY, )
)
    Plaintiff, )
)
v. ) No. 4:07CV961 CEJ
)
MICHAEL BOWERS, )
)
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss this action for failure to state a claim upon which relief may be granted. The plaintiff did not respond to the motion, although he was granted an extension of time to do so. Instead, plaintiff filed a second amended complaint. The Court will consider the defendant's motion as being directed to the second amended complaint.

Plaintiff, a prisoner, brings this action under 42 U.S.C. § 1983, claiming unconstitutional conditions of confinement. Plaintiff alleges that he is partially paralyzed on the right side of his body as a result of a stroke. He alleges that on October 13, 2006, he fell on a broken and uneven section of sidewalk and sustained serious injuries. Plaintiff alleges that defendant "knew or should have known that the damaged sidewalk

in front of [the housing unit] was a safety Hazard [*sic*] to any handicapped prisoner such as plaintiff."

Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that plaintiff's claims sound in negligence and, therefore, fail to state a prima facie case under § 1983. Defendant also asserts that he is entitled to qualified immunity.

## Discussion

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege that (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). To state a claim for unconstitutional prison conditions, a pretrial detainee must show that the conditions of confinement posed a substantial risk of serious harm and that the prison officials knew of but disregarded, or were deliberately indifferent to, plaintiff's health and safety. Crow v. Montgomery, 403 F.3d 598, 602 (8th Cir. 2005). This is a higher standard than negligence because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986).

To prevail in a slip and fall case, a prisoner must allege "special or unique circumstances" that would show that the prisoner was subjected to a danger greater

than that of the general public. Reynolds v. Powell, 370 F.3d 1028, 1031-32 (10th Cir. 2004); see LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993) (noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (quotation omitted). In this case, plaintiff only alleges that there was a "broken and unlevel" section of the sidewalk, which was dangerous to him because of his disability. This allegation is not sufficient to establish the type of special or unique circumstances that would turn this case into one arising under the Constitution.

Additionally, plaintiff has not alleged the requisite state of mind to show that defendant acted with deliberate indifference. Plaintiff only alleges that defendant "knew or should have known that the damaged sidewalk in front of [the housing unit] was a safety Hazard [*sic*] to any handicapped prisoner such as plaintiff." To state a claim for deliberate indifference a plaintiff must allege that defendant knew of the risk but deliberately disregarded it. As a result, plaintiff has failed to allege a prima facie case under § 1983.

Moreover, even if plaintiff had stated a prima facie case, defendant would be entitled to qualified immunity. "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007). To establish objective component of

conditions-of-confinement claim, the alleged deprivation must be "extreme" and must deny the "minimal civilized measure of life's necessities." Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992). A "broken and unlevel" sidewalk does not rise to this level. As a result, defendant's alleged conduct does not violate a clearly established constitutional right of which a reasonable person would have known.

For each of the foregoing reasons, defendant's motion to dismiss will be granted. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#12] is **granted**.

An Order of Dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2007.